IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARLETT WHITE, | ) |
| | ) CASE NO. |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| VAN RU CREDIT CORP., | ) |
| | ) |
| DEFENDANT, | ) |

COMES NOW, the Plaintiff, by and through her attorney Pamela A. Car, and alleges and states that this is an action brought by an individual consumer for Defendant's violations of the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 et. seq. and pendent state claims. In support of her claims, the Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claims on which the transaction took place happened in this Judicial district.

3. That Plaintiff is a resident of Omaha, NE.

4. That Defendant VAN RU CREDIT CORPORATION, (hereinafter referred to as "VAN RU") is a debt collector and a corporation organized and existing under the laws of Illinois and doing business of collecting debts in this state and elsewhere.

## FACTUAL BACKGROUND

5. That at all times relevant hereto, Defendant VAN RU was attempting to collect a debt alleged to be owed by the Plaintiff to WELLS FARGO for personal, family, or household purposes.

6. Around late February and early March, 2007, began receiving calls at her place of employment from Defendant's employee "Jennifer" , the purpose of which was to attempt to collect the alleged consumer debt. Plaintiff informed Defendant that she could not accept calls at her place of employment, but Defendant continued to call Plaintiff and her co-workers and left messages at the place of employment.

7. Plaintiff entered into an agreement with Defendant to have the amount of $68.00 electronically withdrawn from Plaintiff's bank account on a weekly basis for twelve weeks. Plaintiff provided her debit card information to the Defendant to pay the first $68.00 installment.

8. Upon providing Defendant her account information, defendant and having a firm agreement in place, Defendant changed the agreement and took $104.00 and then $100.00 from Plaintiff's bank account without Plaintiff's consent.

Defendant continues to call Plaintiff's place of employment on multiple occasions, despite being told not to do so and continues to do so.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for her First Cause of Action against the Defendant, states and alleges as follows:

9. That the Plaintiff is a natural person and a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. Sect 1692 (a)(3).

10. That the Defendant is a collection agency located in Illinois, which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. 1692 (a)(6).

11. That at all times relevant hereto, the Defendant was attempting to collect a debt alleged

to be in default by the Plaintiff for a credit card used for personal, family or household purposes.

12. That during the course of attempting to collect the alleged debt, Defendant:

a) made false or misleading statements in connection with the attempted collection of said debt, in violation of §1692e;

b) used a false representation or deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. §1692e(10);

c) took and deposited funds from the Plaintiffs without their prior authorization and without notifying Plaintiff, in violation of 15 U.S.C. §1692f;

d) communicated with the Plaintiff consumer at her place of employment after being advised by Plaintiff in writing not to do so, in violation of 15 U.S.C. §1692c.

13. That as a direct and proximate result of these acts, Plaintiff suffered actual damages, insufficient check charges, and other damages.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for statutory damages, general damages, actual damages and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

## SECOND CAUSE OF ACTION
## NEBRASKA CONSUMER PROTECTION ACT

14. Plaintiff repeats and incorporates the foregoing allegations contained above as if fully set forth herein.

15. That these violations constitute a violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 et. seq. and entitles Plaintiffs to statutory and actual damages, injunctive relief and attorney fees and costs.

16. That this case is within the public interest.

WHEREFORE, Plaintiff requests judgment be entered in her favor against Defendant, as

follows:

    A.    Preliminarily and permanently enjoining Defendant from transferring funds from Plaintiff's accounts pursuant to Neb. Rev. Stat. §59-1609;
    B.    Awarding statutory damages pursuant to Neb. Rev. Stat. §59-1609;
    C.    Awarding actual damages to the Plaintiff;
    D.    Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 et. seq.; and
    E.    Enter such additional relief as the Court may find to be just and proper.

Dated: July 30, 2007

                            SHARLETT WHITE, PLAINTIFF,

                    by: s/ Pamela A. Car
                      Pamela A. Car # 18770
                      Car & Reinbrecht, P.C., L.L.O.
                      8720 Frederick St. # 105
                      Omaha, NE 68124
                      (402) 391-8484 phone
                      ( 402) 391-1103 fax
                      carlaw@uswest.net –e-mail
                      Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in Omaha, NE.

                            s/ Pamela A. Car